IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 8:12CR79 |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| LIONEL CAWTHON, | |
| Defendant. | |

This matter is before the court on the defendant's motion to reduce sentence, Filing No. 29, and on the Federal Public Defender's motion to withdraw as counsel, Filing No. 36. The Federal Public Defender's Office was appointed for the sole purpose of a potential reduction of sentence pursuant to Amendment 782 to the U.S. Sentencing Guidelines. Filing No. 32. The Federal Public Defender moves to withdraw as counsel, contending there are not nonfrivolous claims for relief under Amendment 782.

Amendment 782 (sometimes called the "drugs minus two" or the "2014 drug guidelines amendment") reduces offense levels assigned in the Drug Quantity Table by two levels, resulting in lower guideline ranges for many drug trafficking offenses. *See* Federal Register Notice of Final Action Regarding Amendment to Policy Statement §1B1.10, Effective November 1, 2014, 79 Fed. Reg. 25996 (May 6, 2014); *available at* www.ussc.gov. http://www.ussc.gov/amendment-process/federal-register-notices. The proposed amendment went into effect on November 1, 2014. *Id.* The Sentencing Commission has given retroactive effect to the amendment. *Id.* at 1. Accordingly, beginning November 1, 2014, eligible incarcerated offenders may move for reductions in their sentences, however, offenders whose requests are granted by the courts may

not be released from prison any earlier than November 1, 2015. *Id.* at 2; *see* U.S.S.G. § 1B1.10(d), app. C amend. 782.

Under 18 U.S.C. § 3582(c)(2), a sentence reduction is authorized only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See Dillon v. United States*, 560 U.S. 817, 826 (2010). One of those policy statements provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment [to the guidelines] . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B), p.s. An application note to § 1B1.10 elaborates that an amendment to the guidelines—such as Amendment 782—can fail to lower a defendant's guideline range "because of the operation of another guideline . . . ." U.S.S.G. § 1B1.10 comment. (n.1(A)). *See, e.g.*, *Freeman v. United States*, 564 U.S. ——, 131 S. Ct. 2685, 2596 (2011) (Sotomayor, J., concurring) (only if a Fed. R. Crim. P. 11(c)(1)(C) binding plea agreement expressly uses a Guidelines range applicable to the offense will the term of imprisonment be "based on" the Guidelines, rather than the agreement, so as to make a defendant eligible for sentence reduction under § 3582(c)(2)); *United States v. Browne*, 698 F.3d 1042, 1045 (8th Cir. 2012) (stating that Justice Sotomayor's concurring opinion in *Freeman* is controlling and represents the holding of the Court); *United States v. Long*, 757 F.3d 762, 764 (8th Cir. 2014).

For grouping — The defendant entered a plea of guilty to Count I, possession with intent to distribute marijuana under 21 U.S.C. § 841(a)(1), and Count III, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Filing No. 19, text

2

minute entry; Filing No. 21, plea petition. Those counts are grouped for guideline calculation purposes pursuant to U.S.S.G. § 3D1.2(c) and (d). *See* Filing No. 25, Presentence Investigation Report (sealed) at 8. Because the offense level is determined by the most serious of the counts comprising the group, the highest offense level of the counts is used pursuant to U.S.S.G. § 3D1.3(a). *Id.*

In defendant's case, Count III had the highest offense level and therefore Cawthon's Guidelines sentence was based on U.S.S.G. 2K2.1(a)(4)(A). He was sentenced on November 2, 2012 to 42 months. Filing No. 27, Judgment. The defendant's sentence was based on U.S.S.G. § 2K2.1 for the firearm offense, and consequently he does not get the benefit of the two-level reduction for drug offenses.

IT IS ORDERED that:

1. The Federal Public Defender's motion to withdraw as counsel (Filing No. 36) is granted.

2. David Stickman and the Office of the Federal Public Defender are deemed withdrawn from further representation as to defendant Cawthon.

3. Defendant's motion for a reduction of sentence (Filing No. 29) is denied.

DATED this 31st day of August, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge